**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>             Plaintiff,<br><br>v.<br><br>Joel Leon Thomas, Jr.,<br><br>             Defendant/Movant. | No. CV-18-02803-PHX-DGC (ESW)<br>     CR-12-00523-002-PHX-DGC<br><br>**ORDER** |

      Movant Joel Leon Thomas, Jr., who is confined in the United States Penitentiary in Adelanto, California, has filed a pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1). The Court ordered the United States Attorney for the District of Arizona to answer the § 2555 Motion (Doc. 4 at 4). Pending before the Court is Movant's Motion for Appointment of Counsel for 28 U.S.C. § 2255 (Doc. 5).

      There is no constitutional right to the appointment of counsel in a civil case. *See Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991); *Ivey v. Bd of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). In pro se and *in forma pauperis* proceedings, district courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989). District courts, however, do have the discretion to request that an attorney represent an indigent civil litigant upon a showing of "exceptional circumstances." 28

U.S.C. § 1915(e)(1); *Agyeman v. Corrections Corp. Of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). A court must consider two factors when determining whether "exceptional circumstances" exist: (i) the likelihood the movant will succeed on the merits of his or her claims and (ii) the movant's ability to articulate his or her "claims *pro se* in light of the complexity of the legal issues involved." *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). These two factors must be considered together, and neither factor is dispositive. *Id.* (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

In his Motion, Movant requests that the Court appoint him counsel because his claims are complex but likely to succeed. (Doc. 5 at 2-3). Movant has not shown a likelihood that his claims will succeed on the merits. Movant also has not shown a difficulty in articulating his claims in light of the complexity of the legal issues involved. Movant's pleadings indicate that Movant is able to conduct legal research and articulate his legal arguments to the Court. *See Wilborn*, 789 F.2d at 1331 ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."). As Movant has failed to show that exceptional circumstances are present, the Motion for Appointment of Counsel for 28 U.S.C. § 2255 (Doc. 5) will be denied.

## CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** denying Motion for Appointment of Counsel for 28 U.S.C. § 2255 (Doc. 5).

Dated this 19th day of October, 2018.

Honorable Eileen S. Willett
United States Magistrate Judge